FILED

JUN 1 0 2004

LARRY W. PROPES, CLERK
FLORENCE, SC

E. 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

DOCKET NO.: 4:04-1843-25BH

| | |
|---|---|
| Kathy Valentin Bryant,<br><br>Plaintiff,<br><br>vs<br><br>Efird Chrysler Jeep Dodge, Inc. (a corporation) and Brad Hannah and Todd Mozingo,<br><br>Defendants. | **NOTICE OF REMOVAL**<br>(Jury Trial Requested) |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, FLORENCE DIVISION:

Defendant, Efird Chrysler Jeep Dodge, Inc. ("Efird"), pursuant to 28 U.S.C. §§1331, 1441(a), (b) and (c), and 1446(a), (b) and (d), hereby files its Notice of Removal of the above-captioned case from the Court of Common Pleas for Florence County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division. The grounds for the removal are as follows:

1. A civil action is pending in the Court of Common Pleas for Florence County, South Carolina, bearing the case name as captioned above with Docket Number 2004-CP-21-906. The action was commenced on May 12, 2004. Defendant Efird was served the Complaint on or about May 12, 2004. Efird is informed and believes that Defendants Mozingo and Hannah have not been served as of the date of this removal.

2. The Complaint contains nine (9) causes of action. The First Cause of Action alleges sexual discrimination in violation of 42 U.S.C. §2000(e), Title VII of the Civil Rights Act of 1964. The Second through Ninth Causes of Action allege state claims under common-law or state statute.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as it involves claims alleged to arise under the laws of the United States.

4. Thirty days have not elapsed since Efird's receipt of the original Summons and Complaint, and the filing of the Notice of Removal. Efird has not yet answered or otherwise pleaded.

5. Efird files herewith in this Court a copy of the Summons and Complaint (Appendix 1), which are the only process and pleadings served upon Efird.

6. Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal is being served on all adverse parties and the Clerk of Court from which the case is being removed, along with a copy of this Notice.

WHEREFORE, Efird prays that this Notice of Removal be accepted as sufficient for removal of this action to this Court and that this Court retain jurisdiction of this action.

TURNER, PADGET, GRAHAM & LANEY, P.A.

Florence, S.C.

June 10, 2004

By: ______________________
Arthur E. Justice, Jr.
Federal I. D. No.: 2261
1831 W. Evans Street, Suite 400
Post Office Box 5478
Florence, SC 29502-5478
(843) 662-9008

ATTORNEYS FOR THE DEFENDANT
EFIRD CHRYSLER JEEP DODGE, INC.

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS

Kathy Valentin Bryant,

Plaintiff(s),

Vs.

Efird Chrysler Jeep Dodge, Inc. (a corporation) and Brad Hannah and Todd Mozingo,

Defendant(s).

CIVIL ACTION COVER SHEET

2004-CP-21-906

**(Please Print)**

**Submitted By:** Thurmond Brooker
**Address** 189 Warley Street
Post Office Box 1450
Florence, SC 29503-1450

**SC Bar #:**
**Telephone #:** (843) 679-0056
**Fax #:** (843) 679-0057
**Other:**
**E-mail:**

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check one box below)*

[X] **JURY TRIAL** demanded in complaint.

[ ] This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.

[X] This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.

[ ] This case is exempt from ADR (certificate attached).

## NATURE OF ACTION
*(Check One Box Below)*

**Contracts**
- [ ] Construction (100)
- [ ] Debt Collection (110)
- [ ] Employment (120)
- [ ] General (130)
- [ ] Wrongful Breach (140)
- [ ] Other (199)

**Torts – Professional Malpractice**
- [ ] Dental Malpractice (200)
- [ ] Legal Malpractice (210)
- [ ] Medical Malpractice (220)
- [ ] Other Malpractice (299)

**Torts – Personal Injury**
- [ ] Assault/Slander/Libel (300)
- [ ] Conversion (310)
- [ ] Motor Vehicle Accident (320)
- [ ] Premises Liability (330)
- [ ] Products Liability (340)
- [x] Other (399) Sexual Harassment

**Real Property**
- [ ] Claim & Delivery (400)
- [ ] Condemnation (410)
- [ ] Foreclosure (420)
- [ ] Mechanic's Lien (430)
- [ ] Partition (440)
- [ ] Possession (450)
- [ ] Other (499)

**Inmate Petitions**
- [ ] PCR (500)
- [ ] Sexual Predator (510)
- [ ] Mandamus (520)
- [ ] Habeas Corpus (530)
- [ ] Other (599)

**Judgments/Settlements**
- [ ] Death Settlement (700)
- [ ] Foreign Judgment (710)
- [ ] Magistrate's Judgment (720)
- [ ] Minor Settlement (730)
- [ ] Transcript Judgment (740)
- [ ] Lis Pendens (750)**
- [ ] Other (799)

**Administrative Law/Relief**
- [ ] Driver License Reinstate (800)
- [ ] Judicial Review (810)
- [ ] Relief (820)
- [ ] Permanent Injunction (830)
- [ ] Forfeiture (840)
- [ ] Other (899)

**Appeals**
- [ ] Arbitration (900)
- [ ] Magistrate-Civil (910)
- [ ] Magistrate-Criminal (920)
- [ ] Municipal (930)
- [ ] Probate Court (940)
- [ ] SCDOT (950)
- [ ] Worker's Comp (960)
- [ ] Zoning Board (970)
- [ ] Other (999)

**Special/Complex/Other**
- [ ] Environmental (600)
- [ ] Automobile Arb. (610)
- [ ] Medical (620)
- [ ] Other (699)

** Check only if Summons & Complaint to follow in 20 days

**Submitting Party Signature:** [signature] **Date:** May 28, 2004

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

CERTIFIED A TRUE COPY
Connie Y. Beer
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

SCCA / 234 (3/04)

***FO[illegible]MANDATED ADR COUNTIES ON[illegible]**

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Cases which are appellate in nature such as appeals or writs of certiorari;

   c. Post Conviction relief matters;

   d. Contempt of Court proceedings;

   e. Forfeiture proceedings brought by the State;

   f. Cases involving mortgage foreclosures; and

   g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note: You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

* Florence, Horry, Lexington, Richland, Greenville, and Anderson

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

Kathy Valentin Bryant,

Plaintiff(s),

Vs.

Efird Chrysler Jeep Dodge, Inc. (a corporation) and Brad Hannah and Todd Mozingo,

Defendant(s).

**IN THE COURT OF COMMON PLEAS**
**TWELFTH JUDICIAL CIRCUIT**
**C/A #2004-CP-21-** 906

**SUMMONS FOR RELIEF**

**(Complaint, Interrogatories and Request for Production of Documents Served)**

**(Jury Trial Requested)**

**TO DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 170 Courthouse Square, Post Office Box 1770, Florence, South Carolina, 29503-1770 within thirty (30) days from the service hereof, exclusive of the date of such service; and in case of the failure to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

Florence, SC

April 27, 2004

**THURMOND BROOKER**
Attorney for Plaintiff

**THE BROOKER LAW FIRM**
189 Warley Street
Post Office Box 1450
Florence, SC 29503-1450
(843) 679-0056

CERTIFIED: A TRUE COPY
Connie R. Bell
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br><br>**COUNTY OF FLORENCE**<br><br>Kathy Valentin Bryant,<br><br>Plaintiff(s),<br><br>Vs.<br><br>Efird Chrysler Jeep Dodge, Inc. (a corporation) and Brad Hannah and Todd Mozingo,<br><br>Defendant(s). | **IN THE COURT OF COMMON PLEAS**<br>**TWELTH JUDICIAL CIRCUIT**<br>**C/A #2004-CP-21-** 916<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The plaintiff, complaining of the defendants would show unto this Honorable Court as follows:

**JURISDICTION**

This action arises out of the defendants' deprivation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), et. seq. and the statutory and common law of the State of South Carolina. Jurisdiction is vested in this court pursuant to the provisions of 42 U.S.C. §2000(e), et. seq. providing concurrent jurisdiction to state courts. Venue is vested in this court inasmuch as the corporation owns property and conducts business within the State of South Carolina and the County of Florence and the plaintiff is informed and believes that the individual defendant, Brad Hannah, is a resident and citizen of the County of Florence, State of South Carolina. The plaintiff is also informed and believes that the defendant, Todd Mozingo, is a resident and citizen of the State of South Carolina and subject to the jurisdiction of this court.

CERTIFIED: A TRUE COPY
Connie R. Bell
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

**PARTIES**

1. The plaintiff is a Caucasian female and is a resident and citizen of the State of South Carolina. The matters complained of in this Complaint occurred in the State of South Carolina while the plaintiff was in the employ of the defendant corporation and under the supervision of the individual defendant.

2. The plaintiff is informed and believes that the defendant, Efird Chrysler Jeep Dodge, Inc. (a corporation) is a South Carolina corporation and does business and owns property in the County of Florence, State of South Carolina.

3. The plaintiff is informed and believes that the individual defendant, Brad Hannah, is a resident and citizen of the County of Florence, State of South Carolina and has committed tortuous acts in whole or in part in the County of Florence, State of South Carolina, and is subject to the jurisdiction of this court.

4. The plaintiff is informed and believes that the individual defendant, Todd Mozingo, is a resident and citizen of the State of South Carolina and subject to the jurisdiction of this court and has committed tortuous acts in whole or in part in the County of Florence, State of South Carolina and is subject to the jurisdiction of this court.

**PROCEDURE**

5. That within one hundred eighty (180) days of the occurrence of the last act upon which this Complaint is based, charges of sexual harassment were filed by the plaintiff with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission. This matter was investigated by the South Carolina Human Affairs Commission and that investigation was reviewed and approved by the Equal Employment Opportunity Commission. A right to sue letter dated March 2, 2004 was issued to the

plaintiff by the Equal Employment Opportunity Commission. A copy of the right to sue letter is attached to this Complaint and incorporated by reference as if set forth fully word for word.

6. On or about March 4, 2004, the plaintiff received notice of the right to sue letter dated March 2, 2004 from the Equal Employment Opportunity Commission entitling her to institute a civil action in the appropriate forum.

7. This action was commenced by way of a Complaint within ninety days from the date of the right to sue letter.

**STATEMENT OF CLAIM**
**(Sexual Harassment)**

8. During the year 2002, the plaintiff was employed by Efird Chrysler Jeep Dodge, Inc. as a sales person at the corporation's location in Florence, South Carolina.

9. That early on after her employment, the plaintiff began to have difficulties with her supervisor, the defendant, Brad Hannah. The defendant Hannah was involved with the financial of automobiles sold at the Efird dealership and the plaintiff was advised by Brad Hannah that in order to have her sales financed, she would have to agree to have oral sex with him or participate in the procurement of illegal drugs for him. This request was rejected by the plaintiff but that did not stop the activities of Brad Hannah. On one occasion, Brad Hannah took his penis out of his pants and tried to get the plaintiff to hold it. The plaintiff again refused and admonished Brad Hannah not to participate in that type activity in the future. At the same time, the plaintiff went to the General Manager who is named Marty McFarlin and reported the harassment. Instead of action being taken to stop the harassment, she was chastised for using a curse word in refusing the

advancements of Brad Hannah. The harassment continued on almost a daily basis. On other occasions Brad Hannah would ask the plaintiff to let him see her breasts and make other remarks derogatory in sexual nature towards her. During this period of time, the plaintiff was placed under a great deal of stress and it was difficult to continue with her employment. In addition, she was humiliated and disgusted but remained on the job because of her need for the employment. The plaintiff was hopeful that since a report had been made to the General Manager that the harassment would stop. It did not stop but finally ended when Brad Hannah was terminated by the Efird dealership for other reasons. The plaintiff is informed and believes that the termination of Brad Hannah occurred sometime during March of 2003.

10. As a result of the harassment, the plaintiff lost sleep and suffered other personal injuries. After the termination of Brad Hannah, harassment then began to be directed towards the plaintiff by the Finance Manager and her Supervisor, the defendant, Todd Mozingo. The defendant Mozingo kept calling the plaintiff on her phone and asking for a "blow job". This was continuous on his part even though these requests were rejected by the plaintiff. The situation worsened and became more obscene and on one occasion the defendant Mozingo took his penis and exhibited it to the plaintiff. On another occasion, he also dropped his pants to show that he had shaved his private parts and told her that it had been done just for her. In addition, the defendant Mozingo talked about personal relationships with his wife and other matters that were graphic in detail and also tried to place the plaintiff's hand on his private parts. These matters were also reported to the General Manager, Marty McFarlin, and on one or more occasions, it was also reported to Tim Watkins who was also in management. Nothing was done by either of these

individuals and the harassment continued until the plaintiff could no longer take the harassment and finally resigned from her job and indicated in the letter of resignation that she was resigning because of the continuing sexual harassment.

11. In addition to the harassment directed towards the plaintiff, the plaintiff was also subjected to pornographic materials in the workplace. The defendant Mozingo and others would have pornographic information on their computers during working hours and in plain view of anyone near the computer screens.

12. The plaintiff is informed and believes that the sexual harassment directed at her was also directed to at least one or more other females at the same location where she was employed by the defendant corporation.

13. That throughout the times relevant hereto, the plaintiff performed her duties as an employee of the corporate defendant, Efird Chrysler Jeep Dodge, Inc. satisfactorily and in an efficient and businesslike manner.

14. The actions of the defendants, Brad Hannah and Todd Mozingo, took place while they were employees of the defendant corporation and acting as a supervisor over the plaintiff. All of the matters complained of occurred during the course of their employment and within the scope of their employment. At all such times, the defendants, Brad Hannah and Todd Mozingo, were acting as agents, servants and employees on behalf of the defendant, Efird Chrysler Jeep Dodge, Inc., and within the scope of their employment.

15. Because of the stress and continuing sexual harassment and discrimination, the plaintiff suffered mental and physical injuries to her body and was required to seek medical attention for these injuries.

16. During the time she was being harassed and during the months following her harassment, and especially during the latter part of her employment, the plaintiff suffered from stress and mental depression as well as bodily injury.

17. The conduct of the defendants caused the plaintiff severe and emotional distress, anxiety, panic and fear for her safety and for her job and her life. The behavior of the defendants was so severe that it seriously affected the plaintiff's psychological well-being and she suffered psychological and physical injuries as a direct and proximate result of the conduct of the defendants.

18. During the period of time that these acts took place, the conduct of the defendants was unwelcome and the plaintiff at all times rejected the individual defendants' sexual advances. The plaintiff, upon information and belief, believes she has the right to work free from discrimination, intimidation, ridicule, and insult.

19. During the term of her employment, the plaintiff was frequently subjected to tangible sexual harassment, also known as quid pro quo sexual harassment. During this period of time, she was a member of a protected group and was subjected to unwelcome sexual conduct. The harassment the plaintiff complained of was based upon sex and, as a result, the harassment affected tangible aspects of the plaintiff's compensation, terms, conditions and privileges of employment. The plaintiff is informed and believes that the corporate defendant, Efird Chrysler Jeep Dodge, Inc., knew or should have known of the harassment and took no effective remedial action. In addition, the harassment complained of was being committed by the plaintiff's supervisors at the location where she was employed and knowledge of such harassment is imputed to the corporate defendant, Efird Chrysler Jeep Dodge, Inc. The plaintiff is informed and believes that the job benefits and, in fact, the job

itself furnished to her and her continued employment were conditioned upon her compliance with sexual demands being made upon her by the individual defendants, Brad Hannah and Todd Mozingo.

20. That, in addition, the plaintiff was subjected to intangible sexual harassment in that she was forced to work in a hostile and sexually offensive work environment which was created as a result of the conduct and inaction on behalf of all defendants. Further, the plaintiff is informed and believes that she was not the only person subjected to sexual harassment during the time of her employment. The conduct was sufficiently severe or pervasive so as to alter the condition of the plaintiff's employment and to create an abusive work environment.

21. The plaintiff believes that as to the hostile work environment, that she was sexually harassed because of her sex. The harassment was unwelcome and sufficiently severe or pervasive so as to create an abusive working environment and that a basis exists for imputing liability to the employer. The plaintiff is also informed and believes that her sex (female) was a cause of the discrimination.

22. The plaintiff is informed and believes that the defendants discriminated against her and caused her to suffer damages because of her sex (female), all in violation of Title VII of the 1964 Civil Rights Act, as amended.

23. That as a direct and proximate result of the defendants' conduct, the plaintiff has lost wages and benefits.

24. As a direct and proximate result of the defendants' conduct, the plaintiff has suffered and continues to suffer severe emotional distress, psychological injury, mental suffering, humiliation, and physical injury to her body.

25. Defendants with malice or with reckless indifference to the plaintiff intentionally and recklessly inflicted severe emotional distress upon the plaintiff.

26. The conduct of the defendants was so extreme and outrageous as to exceed all possible bounds of decency and such conduct was atrocious and utterly intolerable in a civilized community.

27. The emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

28. That defendants' conduct toward the plaintiff as set forth herein was calculated to inflict suffering and/or reflect heedless and contemptuous disregard for plaintiff's emotional suffering and constitutes a blatant and shocking disregard of plaintiff's rights.

29. Defendants' conduct was intentional, negligent, grossly negligent, willful, wanton, reckless, extreme, outrageous and without justification.

30. As a result of the defendants' conduct, the plaintiff has suffered and will continue to suffer extreme anxiety, depression, alienation, fear, hopelessness, diminished career opportunities and earning capacity and has been deprived of the personal integrity of her own body and the liberty to come and go as she pleases. As a result of the defendants' conduct, the plaintiff has also suffered severe psychological injury and physical injury to her body.

31. The physical touching and confinement of plaintiff by the individual defendants, Brad Hannah and Todd Mozingo, were intentional and were made in a course of an unlawful act, was offensive and unauthorized and caused the plaintiff to suffer physical and emotional pain and distress.

32. The defendants, Brad Hannah's and Todd Mozingo's, conduct toward the plaintiff, as set forth herein, shows the defendants restrained the plaintiff, the restraint was intentional and

the restraint was unlawful. The restraint or confinement of the plaintiff was against plaintiff's will and the individual defendants, Brad Hannah and Todd Mozingo, intended to cause such a restraint or confinement.

33. The plaintiff was in need of employment at the time she applied for employment with the defendant, Efird Chrysler Jeep Dodge, Inc., and during the time she was so employed. It was necessary for her to maintain her job in order to contribute to the support of herself and her family, all of which was well known to both defendants.

34. That at the time the plaintiff was hired as an employee by the defendant, Efird Chrysler Jeep Dodge, Inc., she was not issued a handbook or a policy manual that contained any information concerning the reporting of sexual harassment. Throughout the time she was employed by the defendant, Efird Chrysler Jeep Dodge, Inc., she was never given a policy manual or a handbook and was never advised of any policy of the defendant corporation or of the individual defendants which prohibited sexual harassment. That she was never given any information as to how to report a sexual harassment complaint nor advised as to what action, if any, would be taken if such a complaint was made to the defendant corporation or to the individual defendants. That even though numerous complaints were made to the Human Affairs Officer of the defendant corporation, no action was taken other than to terminate the plaintiff from her position with the defendant corporation.

35. The actions and conduct of the defendants, Brad Hannah and Todd Mozingo, over the period of time complained of was so pervasive and ongoing that the corporation knew or by the exercise of reasonable diligence should have known of the conduct of the individual defendants, Brad Hannah and Todd Mozingo. In addition, specific complaints concerning sexual harassment and other matters complained of in this Complaint were made to

management level employees of the corporation by the plaintiff. In addition, the Human Affairs Director knew of the activities and the plaintiff is informed and believes that in spite of this knowledge and in spite of complaints, nothing was done to prevent the continued sexual harassment of the plaintiff.

36. The activities and conduct creating the hostile and sexually offensive work environment were so pervasive and ongoing that the corporation knew or by the exercise of reasonable diligence should have known of the conduct of the individual defendants, Brad Hannah and Todd Mozingo, leading to the creation of a hostile and sexually offensive work environment. Notice of the hostile environment was known to the corporate defendant, Efird Chrysler Jeep Dodge, Inc., and its managing agents and officers.

37. That the activities and conduct creating the hostile and sexually offensive work environment were reported to members of the corporation owned by the defendant, Efird Chrysler Jeep Dodge, Inc. In addition, the individual defendants, Brad Hannah and Todd Mozingo, were asked on numerous occasions to cease and desist.

38. The plaintiff is informed and believes that the actions and conduct of the defendants violate the reasonable victim's standard and a person of the same sex as the plaintiff would consider the comments and actions of the defendants sufficiently severe or pervasive so as to alter the contract of employment. That, in addition, the plaintiff is informed and believes that her reaction was neither idiosyncratic or hypersensitive and that a reasonable woman could consider the actions and conduct of the defendants as creating an abusive working environment. The defendant, Efird Chrysler Jeep Dodge, Inc., knew or should have known of the conduct of the individual defendants, Brad Hannah and Todd Mozingo, failed to take any action to correct the same.

39. That by reason of the matters complained of in this Complaint, the plaintiff's reputation has been damaged. That she has suffered both physical and mental pain and anguish and otherwise has been damaged as set forth herein. That these damages are a direct and proximate result of the acts and omissions of the defendants.

**FOR A FIRST CAUSE OF ACTION**
**(Sex Discrimination – Title VII of the Civil Rights Act of 1964)**

40. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

41. Defendants' above-described actions, individually and collectively, constitute discrimination against the plaintiff on the basis of sex (female) and constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 (e), et. seq.

42. That as a direct and proximate result of the acts and omissions of the defendants, the plaintiff has been damaged in the particulars set forth herein and is entitled to an award of actual and punitive damages, as well as attorney's fees, expert witness fees, and costs as to this cause of action.

43. The plaintiff is informed and believes that she was harassed because of her sex. The harassment was unwelcome and sufficiently severe or pervasive so as to create an abusive working environment. The plaintiff is also informed and believes that a basis exists for imputing liability to the employer.

**FOR A SECOND CAUSE OF ACTION**
**(Assault and Battery)**

44. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

45. Throughout her employment with the corporate defendant, Efird Chrysler Jeep Dodge, Inc., the plaintiff was victimized by the repeated sexual harassment and advances of the individual defendants, Brad Hannah and Todd Mozingo, who attempted to and did succeed in taking certain sexual freedoms with her.

46. That throughout the employment of the plaintiff, she was subjected to assault and battery upon her person and the individual defendants, Brad Hannah and Todd Mozingo, continued to force themselves upon her and forced her to submit to improper, illegal and immoral sexual advances. That on numerous occasions, because of the results of the demands complained of in this Complaint, the plaintiff was subjected to assault and battery on a quid pro quo basis and she was assaulted and battered sexually and threatened directly and indirectly that if she did not submit and allow certain actions, she would be terminated from her employment.

47. That, in addition, the plaintiff was further subjected to sexual harassment by way of assault and battery as a result of a hostile work environment in which she worked.

48. That as a direct and proximate result of the acts and omissions of the defendants, the plaintiff has been damaged in the particulars set forth hereinafter and is entitled to an award of actual and punitive damages as to this cause of action.

**FOR A THIRD CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress and Tort of Outrage)**

49. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

50. The defendants did intentionally and recklessly inflict severe emotional distress upon the plaintiff or were certain or substantially certain that such distress would result from their conduct being complained of, said conduct being one that engaged in sexually offensive acts and practices with and upon the plaintiff as well as other matters complained of in this Complaint.

51. The defendants intentionally or recklessly allowed severe emotional distress to be inflicted upon the plaintiff or were certain or substantially certain that such distress would result from the conduct complained of; that during the period of time complained of, the individual defendants, Brad Hannah and Todd Mozingo, were allowed to remain in the employment of the corporation. That, in addition, the corporate defendant, Efird Chrysler Jeep Dodge, Inc., subjected the plaintiff to severe emotional distress when it knew or should have known that the individual defendants, Brad Hannah and Todd Mozingo, had engaged in a pervasive course of conduct including sexual harassment, intimidation of the plaintiff and others similarly situated at the plaintiff's place of employment as more particularly set forth in this Complaint.

52. That the acts and omissions of the defendants were extreme and outrageous as to exceed all possible bounds of decency and were atrocious and utterly intolerable in a civilized society.

53. That the acts and omissions of the defendants caused the plaintiff severe and extreme emotional distress.

54. That the emotional distress suffered by the plaintiff was so severe and extreme that no reasonable person, and in particular no reasonable female person, could be expected to endure it.

55. That as a direct and proximate result of the outrageous conduct and omissions of the defendants, the plaintiff suffered damages as more particularly set forth herein and is entitled to an award of actual and punitive damages as to this cause of action.

**FOR A FOURTH CAUSE OF ACTION**
**(Negligence)**

56. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

57. The defendant, Efird Chrysler Jeep Dodge, Inc., is also liable to the plaintiff as a result of its gross negligence, recklessness, willfulness and wantonness in one or more of the following particulars:

(a) That the defendant, Efird Chrysler Jeep Dodge, Inc., did not have an established policy or practice that would lead to the discovery of sexual harassment and prevent the same from occurring at its location where the plaintiff was employed; and,

(b) The defendant, Efird Chrysler Jeep Dodge, Inc., failed to make periodic and proper investigations and take remedial action as might have been necessary to prevent sexual harassment and similar activities from occurring at the location where the plaintiff was employed; and,

(c) That no inquiries were made on a periodic basis of employees to determine whether or not they were being sexually harassed or discriminated against because of their race even though the corporation had an affirmative duty under the federal and state law to prevent sexual harassment such as the type to which the plaintiff was being subjected; and,

(d) Employing and continuing to employ the individual defendants, Brad Hannah and Todd Mozingo, when the corporation knew or should have known of their propensity to improperly handle their duties, and

(e) Employing and continuing to employ the individual defendants, Brad Hannah and Todd Mozingo, after the defendant, Efird Chrysler Jeep Dodge, Inc., had received notice that the plaintiff was complaining of past and present actions of sexual harassment and abuse; and,

(f) Employing and continuing to employ the individual defendants, Brad Hannah and Todd Mozingo, when the corporation was aware that the individual defendants, Brad Hannah and Todd Mozingo, had the propensity to let their personal sexual desires interfere with the jobs of the employees and to subject employees, including the plaintiff, to sexual harassment; and,

(g) In failing to properly supervise their employees, and in particular, the individual defendants, Brad Hannah and Todd Mozingo, and,

(h) In failing to properly determine and investigate the complaints and activities of the individual defendants, Brad Hannah and Todd Mozingo, and,

(i) In failing to implement adequate security or safety measures designed to prevent or substantially reduce the likelihood that the plaintiff or others similarly situated would be subjected to the actual sexual harassment, battery, and/or harassment, as more particularly set forth while employed by the defendant, Efird Chrysler Jeep Dodge, Inc.; and,

(j) In failing to take any action to correct the situation after having notice of the conduct of the individual defendants, Brad Hannah and Todd Mozingo,; and,

(k) In failing to develop and disseminate a clear policy advising all employees that sexual harassment was a prohibited employment practice and one that would not be allowed at its place of business; and,

(l) In failing to enforce policies prohibiting sexual harassment; and,

(m) In failing to establish a policy against sexual harassment including a formalized agreement, procedures, and good faith encouragement of its use to prevent sexual harassment; and,

(n) In failing to designate an EEOC advisor or other responsible individual to receive and act upon complaints of sexual harassment and other matters complained of in this Complaint; and,

(o) In failing to immediately investigate and to take proper action of the complaints of sexual harassment made by the plaintiff; and,

(p) In failing to control its employees after reports of abusive activities of the individual defendants, Brad Hannah and Todd Mozingo, were made by the plaintiff to persons in a supervisory and management position; and,

(q) In failing upon receipt of information to take any disciplinary action against the responsible party and to develop appropriate sanctions for use in the future; and,

(r) In failing to post the required EEOC and other federal and state notices dealing with sexual harassment and other matters complained of in this action as required by both state and federal law; and,

(s) In failing to train supervisors to recognize, investigate, and properly remedy sexual harassment.

58. That as a direct and proximate result of the defendant, Efird Chrysler Jeep Dodge, Inc.'s, negligence, gross negligence, willfulness, reckless and wanton acts, the plaintiff has been damaged and is entitled to an award of actual and punitive damages as to this cause of action.

**FOR A FIFTH CAUSE OF ACTION**
**(Failure To Furnish A Safe Place To Work)**

59. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

60. There existed between the plaintiff and the defendant, Efird Chrysler Jeep Dodge, Inc., an employee/employer relationship such that the defendant owed to the plaintiff a duty to provide and furnish a safe place to work.

61. That the defendant, Efird Chrysler Jeep Dodge, Inc., by virtue of its negligence breached its duty to provide and furnish a safe place to work to the plaintiff.

62. That as a direct and proximate result of the defendants' breach of duty, the plaintiff has been damaged as more particularly set forth herein and is entitled to an award of actual and punitive damages as to this cause of action.

**FOR A SIXTH CAUSE OF ACTION**
**(Sexual Harassment/Violation of Public Policy)**

63. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

64. That the acts of the defendants are a direct violation of §1-13-20, et. seq. of the Code of Laws of South Carolina 1976, as amended. That in addition, it is a violation of a strong public policy of the State of South Carolina which declares the practice of discrimination against any person because of sex is a matter of state concern and such discrimination is in conflict with the ideals of South Carolina and the nation and is degrading to human dignity.

65. That the unwelcome sexual advances, the request for sexual favors and the other verbal and physical conduct of a sexual nature complained of in this Complaint polluted the atmosphere of the work place and violated the plaintiff's rights and gives rise to a cause of action for sexual harassment because of the following particulars:

(a) That the submission to the conduct was made explicitly and/or implicitly a term or condition of her employment; and,

(b) That her submission to or rejection of such conduct was used as a basis for employment decisions affecting plaintiff; and,

(c) That the conduct of both defendants had the effect of unreasonably interfering with the work performance and it created an intimidating hostile and offensive working environment for the plaintiff.

66. That the violation of §1-13-20, et. seq. and/or the actions of the defendants complained of in this action and/or the violation of the public policy of the State of South Carolina is such so as to create a cause of action against both defendants for the tort of sexual harassment.

67. That as a direct and proximate result of being sexually harassed and discriminated against by the defendants, plaintiff has been damaged as more particularly hereinafter and heretofore set forth and the plaintiff is entitled to an award of actual and punitive damages as to this cause of action.

**FOR A SEVENTH CAUSE OF ACTION**
**(Intrusion and Invasion of Privacy)**

68. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

69. That the acts of the defendants were violative of the plaintiff's right to privacy. The conduct set forth in this Complaint was such as to amount to a wrongful intrusion into the plaintiff's life. In addition, the conduct consisted of publicizing private matters involving the plaintiff of no legitimate public concern.

70. That the actions of the defendants in invading the privacy of the plaintiff and her body constituted an unwarranted intrusion into the psychological solitude or seclusion of the plaintiff.

71. That in addition to the public disclosure of private matters involving the plaintiff, the actions of the defendants were a blatant, shocking disregard of the plaintiff's rights and serious mental and physical injuries and humiliation and other injuries resulted therefrom.

72. That on various occasions, the plaintiff was questioned and the repeated intrusion and coercive questioning into her private matters were of no relevance to either of the defendants and were sufficiently intrusive to support a claim for invasion of privacy. That the plaintiff in no way consented to the invasion of her privacy and intrusion into her private affairs.

73. That the conduct of the defendants caused the plaintiff to suffer serious mental and physical injuries, suffering, shame and humiliation in addition to the damages as more particularly set forth herein and plaintiff is entitled to an award of actual and punitive damages as to this cause of action.

**FOR AN EIGHTH CAUSE OF ACTION**
**(False Imprisonment)**

74. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

75. The defendants' above-described actions, individually and collectively, constitute false imprisonment. That as a result of the actions of the defendants the plaintiff has suffered damages and is entitled to an award of actual and punitive damages as to this cause of action.

**FOR A NINTH CAUSE OF ACTION**
**(Breach of Implied Covenant, Good Faith and Fair Dealing)**

76. The plaintiff reiterates each and every relevant allegation stated hereinabove as if repeated verbatim herein.

77. The plaintiff was hired by the defendant, Efird Chrysler Jeep Dodge, Inc., as an employee at-will. That even though she worked as an employee at-will, she was entitled to all the protection afforded other contracts entered into by parties in the State of South Carolina. Under the terms and conditions of the contract at-will entered into by the parties at the time of her employment, the corporate defendant owed the plaintiff a duty of good faith and fair dealing. The defendant, by its actions and refusal to act, has violated and breached the implied covenant of good faith and fair dealings inherent in every contract in the State of South Carolina including, but not limited to, contracts of employment and employment at-will.

78. That as a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, the plaintiff has been damaged and is entitled to an award of actual and punitive damages as to this cause of action.

## DAMAGES AND RELIEF REQUESTED

79. That any and all references heretofore in various causes of actions as to damages are incorporated herein as if set forth word for word.

80. That as a direct and proximate result of the acts and omissions of the defendants as more particularly set forth above, the plaintiff has been made to undergo physical pain and suffering, mental pain and anguish, anger and disappointment, worry, shock, humiliation, wounded feelings, shame, loss of reputation, pecuniary loss, doctors and hospital bills, drug expenses, loss of enjoyment of life, loss of employment opportunities, loss of earnings, loss of earning capacity, damage to her previous good health, and all of which are permanent in nature.

**WHEREFORE**, plaintiff prays that this court grant the following relief and judgment, jointly and severally, as to the defendants:

(a) As to the first cause of action, violation of Title VII of the Civil Rights Act of 1964:

(1) A declaratory judgment that the defendant's acts, policies, and practices and procedures complained of herein violated plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C Section 2000(e), et. seq.

(2) Back pay, front pay, reimbursement for lost benefits, and retroactive increases in accordance with proof, plus pre - and post - judgment interest.

(3) A permanent injunction enjoining the defendants and all of those acting in concert with them and at their direction, from engaging in any employment practice or policy which discriminates against persons on the basis of sex.

(4) Actual (compensatory) damages in the sum of One Million ($1,000,000.00) Dollars plus an award of punitive damages for the violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

(5) Attorney's fees, costs, and expert witness fees.

(b) As to the second cause of action - assault and battery:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(c) As to the third cause of action, intentional infliction of emotional distress and tort of outrage:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(d) As to the fourth cause of action, negligence:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(e) As to the fifth cause of action, failure to furnish a safe place to work:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(f) As to the sixth cause of action, sexual harassment/violation of public policy:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(g) As to the seventh cause of action, intrusion and invasion of privacy:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(h) As to the eighth cause of action, false imprisonment:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(i) As to the ninth cause of action, breach of implied covenant, good faith and fair dealing:

(1) Plaintiff prays for an actual verdict of One Million ($1,000,000.00) Dollars plus an award of punitive damages.

(j) Plaintiff prays for the costs and disbursement of this action.

(k) For such other and further relief as this court might deem just and proper, including but not limited to, such other relief available to the plaintiff as provided for by Title VII of the Civil Rights Act of 1964 and the laws of the State of South Carolina.

(l) That the plaintiff be awarded other relief that she may be entitled to after reasonable discovery.

Florence, SC

April 27, 2004

**THURMOND BROOKER,**
Attorney for Plaintiff

**THE BROOKER LAW FIRM**
189 Warley Street
Post Office Box 1450
Florence, SC 29503-1450
(843) 679-0056

EEOC Form 161 (3/98)

U.S. [illegible]AL EMPLOYMENT OPPORTUNITY COM[illegible]ION

# DISMISSAL AND NOTICE OF RIGHTS

2003375

To: **Ms. Kathy Valetin-Bryant**
**c/o Brenda Shuler**
**602 Potato House Road**
**Darlington, South Carolina 29532**

From: **EEOC**
**129 W. Trade Street**
**Suite 400**
**Charlotte, North Carolina 28202**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **14C-2003-01364** | **Cassie Atcherson, S&L Coordinator** | **(704) 344-6700** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

- ☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- ☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.
- ☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- ☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.
- ☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
- ☐ While reasonable efforts were made to locate you, we were not able to do so.
- ☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
- ☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
- ☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- ☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Reuben Daniels

**Reuben Daniels, Jr., District Director**

**March 2, 2004**
*(Date Mailed)*

Enclosure(s)

cc: **Arthur E. Justice, Jr., Esquire**
**Turner, Padget, Graham & Laney**
**P O Box 5478**
**Florence, South Carolina 29502**

**Mr. Reginald C. Brown, Jr.**
**The Hyman Law Firm**
**P O Box 1770**
**Florence, South Carolina 29503-1770**