IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KATHY VALENTIN BRYANT, | ) | C.A. No. 4:04-1843-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **WRITTEN OPINION AND ORDER** |
| | ) | |
| EFIRD CHRYSLER JEEP DODGE, INC. | ) | |
| (A CORPORATION) AND BRAD | ) | |
| HANNAH AND TODD MOZINGO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

On April 27, 2004, the plaintiff, represented by legal counsel, commenced the instant action in the State of South Carolina Court of Common Pleas for Florence County alleging unlawful sexual harassment under Title VII of the Civil Rights Act of 1964 and numerous state common law causes of action. Thereafter, the instant action was removed to federal court and defendant Efird Chrysler Jeep Dodge, Inc. ("Efird") filed an answer denying the allegations of the plaintiff. No answer has been filed by the individual defendants.[1]

On August 1, 2005, defendant Efird also filed a motion for summary judgment (Doc. # 14). According to Efird, summary judgment is appropriate because:

> ...Plaintiff failed and/or refused to comply with the rules of discovery, knowingly submitted three false affidavits to support her position, and failed to prove that a material issue of fact exists sufficient to evade summary judgment.

---

[1] There is no indication within the record that either defendants Brad Hannah or Todd Mozingo were ever served with a copy of the summons and complaint in this action.

1

Consequently, Efird seeks to dismiss this case, in its entirety, with prejudice, since no genuine issue exists as to any material fact. The plaintiff has not filed any memorandum in opposition to the motion for summary judgment.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In his Report, Magistrate Judge Rogers recommends that the defendant's motion for summary judgment be granted. As reasoned by the Magistrate Judge:

> Plaintiff has failed to offer any evidence in support of her claim[s] and in opposition to the motion filed by the defendant.
>
> (Doc. # 18).

The plaintiff has also not filed any response or objections to the Report.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636.

As noted above, no objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See* Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). This Court has carefully reviewed the record in this case in light of the Report. To the extent that the Magistrate Judge's Report recommends that the instant case be dismissed in its entirety, the undersigned accepts the Report.

A *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, and without any objection filed by the plaintiff, it is **ORDERED** that the defendant's motion for summary judgment is **GRANTED** (Doc. # 14). The instant case is hereby dismissed, in its entirety, with prejudice, for the reasons explained within the Magistrate Judge's Report.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

November 15, 2005
Florence, South Carolina